UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

COREY PARKER,

                              Plaintiff,

                                                        Case # 15-CV-342-FPG

v.

                                                        DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                              Defendant.

        Corey Parker ("Parker" or "Plaintiff") brings this action pursuant to the Social Security

Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social

Security ("the Commissioner") that denied his application for Supplemental Security Income

("SSI") under Title XVI of the Act.  ECF No. 1.  This Court has jurisdiction over this action

under 42 U.S.C. §§ 405(g), 1383(c)(3).

        Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c).  ECF Nos. 11, 19.  For the reasons that follow, the Commissioner's motion is

GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

        Parker has applied for SSI with the Social Security Administration ("the SSA") and

appealed unfavorable decisions several times.  Tr.[2] 622-23.  Most recently, on November 15,

2013, Administrative Law Judge Timothy M. McGuan ("the ALJ") issued a decision finding that

Parker was not disabled within the meaning of the Act.  Tr. 622-41.  That decision became the

Commissioner's final decision when the Appeals Council denied Parker's request for review on

---

[1]        Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for
Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]        References to "Tr." are to the administrative record in this matter.

March 3, 2015.  Tr. 613-16.  Thereafter, Parker commenced this action seeking review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.     District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted).  It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.    Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it

imposes significant restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I.     The ALJ's Decision**

The ALJ's decision analyzed Parker's claim for benefits under the process described above.  At step one, the ALJ found that Parker had not engaged in substantial gainful activity since the application date.  Tr. 625.  At step two, the ALJ found that Parker has the following severe impairments: status post right-sided discectomy due to disc herniation; recurrent or persistent discogenic and degenerative disc disease of the lumbar spine; severe atrophy of the left leg; and asthma.  Tr. 625-29.  At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings.  Tr. 629-30.

Next, the ALJ determined that Parker retained the following RFC: he can sit for up to seven hours and stand or walk for up to one hour in an eight-hour workday, frequently lift 10 pounds, and reach, push, or pull with both upper extremities; he cannot use his left lower extremity to operate foot controls, but he has no limitation with his right lower extremity; he cannot climb ropes, ladders, or scaffolds, but he can frequently climb stairs and ramps; he can occasionally balance, crawl, crouch, kneel, and stoop; and he must avoid concentrated exposure to fumes, dust, odors, and extreme temperatures.  Tr. 630-39.

At step four, the ALJ indicated that Parker had no past relevant work.  Tr. 640.  At step five, the ALJ relied on the vocational expert's ("VE") testimony and found that Parker can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience.  Tr. 640-41.  Specifically, the VE testified that Parker could work as a telephone solicitor and telephone surveyor.  *Id.*  Accordingly, the ALJ concluded that Parker was not "disabled" under the Act.  *Id.*

## II.   Analysis

Parker argues that remand is required because the RFC determination and the credibility assessment are not supported by substantial evidence.  ECF No. 11-1, at 6-7.  These arguments are addressed in turn below.

### A.   RFC Determination

RFC is defined as "what an individual can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at \*5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)).  To determine a claimant's RFC "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Desmond*, 2012 WL 6648625, at \*5 (citation omitted); *see also* 20 C.F.R. § 416.945(a).  "An RFC finding will be upheld when there is substantial evidence in the record to support each requirement listed in the regulations."  *Desmond*, 2012 WL 6648625, at \*5 (citation omitted).

Parker argues that the RFC determination is not supported by substantial evidence.  ECF No. 11-1, at 6-7.  Specifically, Parker asserts that ALJ erred in finding that he could sit for up to seven hours in an eight-hour workday.  *Id.* at 6.  As mentioned above, the ALJ found that Parker can sit for up to seven hours and stand or walk for up to one hour in an eight-hour workday, frequently lift 10 pounds, and reach, push, or pull with both upper extremities; cannot use his left lower extremity to operate foot controls, but he has no limitation with his right lower extremity; cannot climb ropes, ladders, or scaffolds, but he can frequently climb stairs and ramps; can occasionally balance, crawl, crouch, kneel, and stoop; and must avoid concentrated exposure to fumes, dust, odors, and extreme temperatures.  Tr. 630.

The RFC determination is consistent with several consultative medical opinions of record. "It is well established that an ALJ may rely on the medical opinions provided by State agency consultants and that those opinion[s] may constitute substantial evidence." *Barber v. Comm'r of Soc. Sec.*, No. 6:15-CV-0338 (GTS/WBC), 2016 WL 4411337, at *7 (N.D.N.Y. July 22, 2016) (citing 20 C.F.R. §§ 416.912(b)(6), 416.913(c), 416.927(e) and *Baszto v. Astrue*, 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010) ("[A]n ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability.")).   It is also important to note that "[a]lthough [an] ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he [i]s entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order); *see also Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (citation omitted).

First, the RFC determination is consistent with the opinion of consultative examiner John Schwab, D.O. ("Dr. Schwab") who opined that Parker must avoid respiratory irritants, is moderately limited in walking due to left foot drop, and is mildly limited in lifting.  Tr. 263.  The RFC assessment accounted for all of these limitations.  Tr. 630.  The ALJ gave "significant weight" to this opinion because Dr. Schwab is "familiar with Social Security's rules and regulations . . . [and] [h]is opinion was also supported by relatively mild to moderate abnormalities on clinical examination."  Tr. 638.  These are both valid reasons for affording significant weight to Dr. Schwab's opinion.  *See* 20 C.F.R. §§ 416.927(c)(6) (stating that the SSA will consider "the amount of understanding" that the medical source has of its "disability

programs and their evidentiary requirements" when it weighs a medical opinion), 416.927(c)(3)
("The more a medical source presents relevant evidence to support a medical opinion,
particularly medical signs and laboratory findings, the more weight we will give that medical
opinion.").

The RFC determination is also consistent with the opinion of consultative examiner
Nikita Dave, M.D. ("Dr. Dave") who examined Parker on two occasions.  Tr. 515-20, 538-42.
On March 30, 2009, Dr. Dave opined that Parker cannot climb ladders or be exposed to
respiratory irritants.  Tr. 519-20.  She also opined that Parker was limited in his left lower
extremity, lifting moderately heavy objects, and prolonged standing.  Tr. 520.  The ALJ's RFC
determination included these limitations.  Tr. 630.  The ALJ gave "significant weight" to this
opinion because Dr. Dave is familiar with Social Security's rules and regulations and it was
supported by objective findings and the medical record as a whole.  These were all proper
reasons to afford significant weight to Dr. Dave's opinion.  *See* 20 C.F.R. §§ 416.927(c)(6)
(stating that the SSA will consider "the amount of understanding" that the medical source has of
its "disability programs and their evidentiary requirements" when it weighs a medical opinion),
416.927(c)(3) ("The more a medical source presents relevant evidence to support a medical
opinion, particularly medical signs and laboratory findings, the more weight we will give that
medical opinion."), 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the
record as a whole, the more weight we will give to that medical opinion.").

On April 26, 2010, Dr. Dave opined that Parker was limited in his left lower extremity,
his ability to engage in prolonged standing, walking, and sitting, and his ability to lift, carry,
push, and pull moderately heavy objects.  Tr. 542.  Dr. Dave also opined that Parker must avoid
respiratory irritants.  *Id.*  The ALJ's RFC determination accounted for these limitations.  Tr. 630.

The ALJ gave "significant weight" to this opinion because Dr. Dave "thoroughly examined" Parker on two occasions within approximately one year (Tr. 639), which is a factor the ALJ was entitled to consider. *See* 20 C.F.R. §§ 416.927(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."), 416.927(c)(6) (stating that the SSA will consider "the extent to which a medical source is familiar with the other information in your case record" when it weighs a medical opinion).

Dr. Dave also completed a check box medical source statement as to Parker's physical ability to do work-related activities. Tr. 543-543-48. She indicated on that form that Parker could only sit for 15 minutes at a time without interruption. Tr. 544. Parker argues that this opinion is inconsistent with the ALJ's RFC determination that he could sit for up to seven hours in an eight-hour workday. ECF No. 11-1, at 6. However, Dr. Dave also indicated on that same form that Parker could sit for seven hours total in an eight-hour workday, which is entirely consistent with the RFC determination. Tr. 544, 630. Moreover, at Parker's hearing the VE testified that Parker could still perform the jobs identified even if he needed to change positions and could only sit or stand for no more than 15 minutes at a time. Tr. 892-93.

Parker also argues that the ALJ should not have given "significant weight" to the opinion of Donald I. Goldman, M.D. ("Dr. Goldman"), an orthopedic surgeon who testified as a medical expert at Parker's administrative hearing. ECF No. 11-1, at 6; Tr. 632, 639. The ALJ noted in his decision that Dr. Goldman testified that Parker's foot drop is a permanent impairment but is not incapacitating and that Parker did not meet any of the musculoskeletal Listings. Tr. 632. The ALJ pointed out that although Dr. Goldman would not propose an RFC assessment "in light of a lack of recent objective musculoskeletal examination findings," Dr. Goldman noted that

Parker's "continued long treatment with primarily pain medication, lack of recent abnormal clinical findings from treating sources and lack of additional treatment modalities, suggests that [Parker]'s impairments are not incapacitating." *Id.* The ALJ properly gave "significant weight" to Dr. Goldman's opinion because he is a board certified orthopedist and a member of the American Academy of Disability Evaluating Physicians. Tr. 639; 20 C.F.R. §§ 416.927(c)(5) ("We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist."), 416.927(c)(6) (stating that the SSA will consider "the amount of understanding" that the medical source has of its "disability programs and their evidentiary requirements" when it weighs a medical opinion). Moreover, as explained above, the ALJ also relied on Dr. Schwab and Dr. Dave's opinions when he created the RFC assessment and did not use Dr. Goldman's opinion as the sole reason to find Parker not disabled.

Accordingly, for the reasons stated, this Court finds that the ALJ did not err and that the RFC determination was supported by substantial evidence.

**B.   Credibility Assessment**

"The ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *Jackson v. Astrue*, No. 1:05-CV-01061 (NPM), 2009 WL 3764221, at *7 (N.D.N.Y. Nov. 10, 2009) (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)). "[T]he court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain" if the finding is supported by substantial evidence. *Id.* (quotation marks and citation omitted). "It is the function of the Commissioner, not the reviewing court, to 'resolve

evidentiary conflicts and to appraise the credibility of witnesses, including the claimant.'" *Id.* (quoting *Caroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements by analyzing the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures the claimant has taken to relieve symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 416.929(c)(3)(i)-(vii).

Parker argues that the ALJ's credibility assessment is not supported by substantial evidence. ECF No. 11-1, at 7. The ALJ found Parker "not credible" because his daily activities and medical treatment were inconsistent with his allegations of disabling symptoms and incapacitating pain. Tr. 637.

As to Parker's daily activities, the ALJ noted that he maintains personal hygiene, does household chores, visits with family and friends, watches television, cooks three times a week, listens to the radio, and grocery shops. *Id.* The ALJ concluded that these daily activities are "inconsistent with allegations of disabling symptoms and functional limitations." *Id.* Although the claimant "need not be an invalid" to be disabled under the Social Security Act, *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (citation omitted), the ALJ may properly consider the claimant's daily activities when assessing his or her credibility. 20 C.F.R. § 416.929(c)(3)(i). This Court finds that the ALJ properly considered Parker's daily activities in accordance with the

standards articulated above and did not err in finding that such activities weakened his credibility.

As to Parker's medical treatment, the ALJ noted that Parker has "only consulted with a neurosurgeon on one occasion," has "not undergone additional surgery since 2006," has not been treated by a pain management specialist, and has not received invasive or even conservative treatment. Tr. 637. The ALJ concluded that Parker's medical treatment is "inconsistent with his description of debilitating and completely incapacitating pain." *Id.* The ALJ was entitled to consider treatment that Parker received (or did not receive) to relieve his symptoms, *see* 20 C.F.R. § 416.929(c)(3)(v), and this Court finds that he did not err in finding that Parker's treatment history weakened his credibility.

Accordingly, for the reasons stated, this Court finds that the ALJ's credibility assessment is supported by substantial evidence.

## CONCLUSION

The Commissioner's Motion for Judgment on the Pleadings (ECF No. 19) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.


IT IS SO ORDERED.

Dated: March 30, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court